UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL S. JORGENSEN,

    Plaintiff,

  v.                                              Case No. 09-C-186

BYRAN BARTOW,

    Defendant.

**ORDER**

      Plaintiff Daniel S. Jorgensen, who is confined at the Wisconsin Resource Center ("WRC") under a civil commitment as a sexually violent person, see Wis. Stat. ch. 980 ("Chapter 980"), has written a letter asking the court to clarify the dismissal of one of his claims. Specifically, Jorgensen inquires about the dismissal of a claim of deliberate indifference for his having to wait three days to see a doctor after he hyper-extended his knee. I will construe Jorgensen's letter as a motion that I reconsider the order dismissing the claim.

      A motion for reconsideration serves a very limited purpose in federal civil litigation; it should be used only "to correct manifest errors of law or fact or to present newly discovered evidence." *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987) (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F.Supp. 656, 665-66 (N.D. Ill. 1976), *aff'd* 736 F.2d 388 (7th Cir. 1984)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp.

1063, 1069 (N.D. Ill. 1997)). Because the conditions that would justify granting a motion to reconsider are rarely present, such motions are disfavored and should be equally rare. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

Jorgensen first made this claim in another case, *Jorgensen v. Bartow*, Case No. 08-C-1022, alleging that as a result of his slip and fall on a wet floor at the WRC he had hyper-extended his knee and did not see a doctor for three days after the injury. Jorgensen's allegation was not that he did not receive any medical treatment for three days, as the complaint alleged that he was attended to by a nurse "within minutes" and that she instructed him to ice his knee and take a pain reliever. (Case No. 08-C-1022, Compl. at 2.) On December 10, 2008, I dismissed the claim on the basis that it failed to allege facts sufficient to provide defendant Bartow, the director of the WRC, notice of the conduct for which he could be liable. (Case No. 08-C-1022, Doc. # 3.) Judgment was entered the same day.

Jorgensen then brought the same claim, along with others, in this case. I dismissed all of his claims except his allegation that he was not receiving adequate mental health treatment at the WRC. In dismissing the claim regarding his wait of three days to see a doctor, I noted Jorgensen had again failed to sufficiently allege how Bartow was personally involved. Under § 1983, "[l]iability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." *Burks v. Raemisch*, 555 F.3d 592, 594 (7th Cir. 2009) The federal system uses notice pleading, in which "[p]laintiffs need not lard their complaints with facts," so long as the complaint lays out "a plausible grievance." *Id*. This requires that the complaint provide the defendant notice of the act or omission for which he might be liable. Jorgensen's claim regarding the delay in seeing a doctor neither alleges nor supports an inference that Bartow knew

2

of Jorgensen's condition. I conclude that Jorgensen has presented nothing to show that dismissal of the claim against Bartow was manifest error.

Although the claim was dismissed for failure to allege personal involvement in both cases, it could just as well have been dismissed for failure to state a claim of deliberate indifference. This is because Jorgensen's allegation, even when viewed in a light most favorable to him, fails to lay out facts that would support an inference that Bartow acted with deliberate indifference. Putting aside whether a hyper-extended knee is even an objectively serious medical need, something a plaintiff must show to have existed in order to prevail in a claim of deliberate indifference, Jorgensen alleges that a nurse attended to his injury within minutes of his fall. The nurse instructed him regarding the proper use of an ice bag and told him to take a pain reliever. Jorgensen has pleaded himself out of court on this claim, as he has alleged facts, namely the medical care he did receive within minutes, which are inconsistent with a finding of deliberate indifference. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007) ("a plaintiff may unwittingly plead himself out of court by alleging facts that preclude recovery").

Accordingly, Jorgensen's motion for reconsideration is **DENIED**. The only claim Jorgensen proceeds with is his claim regarding the adequacy of his mental health treatment at the WRC.

**SO ORDERED** this   26th   day of March, 2009.

                                                   s/ William C. Griesbach
                                                 William C. Griesbach
                                                 United States District Judge