UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DANIEL S. JORGENSEN,

        Plaintiff,

  v.                                                                                  Case No. 09-C-186

BYRAN BARTOW,

        Defendant.

## ORDER

      Plaintiff Daniel S. Jorgensen, who is confined at the Wisconsin Resource Center ("WRC") under a civil commitment as a sexually violent person, see Wis. Stat. ch. 980 ("Chapter 980"), proceeds pro se with a claim that the mental health treatment he has received at the WRC is constitutionally infirm, along with pendent claims brought for alleged violations of Wis. Stat. § 51.61. This matter is before me on Jorgensen's motion to amend his complaint. (Doc. # 11.)

      The defendant has yet to file a responsive pleading, so the motion will be granted, as Jorgensen is entitled to one amendment as a matter of course prior to being served with a responsive pleading. Fed. R. Civ. P. 15(a)(1). Though I already "screened" Jorgensen's original complaint to ensure compliance with the Rules of Civil Procedure and that it at least stated a plausible claim for which relief may be granted, I also must scrutinize the amended complaint–it would make little sense to strain out a gnat while reviewing the original complaint only to later swallow a camel by not screening an amended complaint.

      The amended complaint alleges that Jorgensen has been denied "the right to Individualized Treatment." (Am. Compl. at 3.) He faults the current treatment on offer at the WRC as not

sufficiently taking into account his individuality. Jorgensen boldly asserts, "There is an unarguable and guaranteed right to INDIVIDUAL TREATMENT and the least restrictive conditions . . . . I have the right to individuality, separate from other patients at the WRC . . . ." (*Id*. at 4.)

In allowing Jorgensen to proceed with his original claim, I noted that the Supreme Court's decision in *Youngberg v. Romeo*, 457 U.S. 307 (1982), teaches that a mentally retarded person, involuntarily committed, enjoyed "constitutionally protected interests in conditions of reasonable care and safety, reasonably nonrestrictive confinement conditions, and such training as may be required by these interests." 457 U.S. at 324. The Court in *Youngberg* went on to note that courts may properly begin with the "generalization that there is a right to minimally adequate training. The basic requirement of adequacy . . . may be stated as that training which is reasonable in light of identifiable liberty interests and the circumstances of the case." *Id*. at 319 n.25.

Following *Youngberg* and other cases, courts have concluded that sex offender detainees are entitled to some form of treatment. *Allison v. Snyder*, 332 F.3d 1076, 1079 (7th Cir. 2003); *see also Williams v. Nelson*, 398 F.Supp. 2d 977, 986 (W.D. Wis. 2005) (persons involuntarily committed as sex offenders have a constitutional right to adequate treatment). In *Allison*, the Seventh Circuit specifically rejected the argument that the treatment offered must be individually tailored in order to be constitutionally sound:

> As for plaintiffs' contention that treatment must be tailored to each individual rather than administered to groups: one court of appeals has said this (without explanation), *see Ohlinger v. Watson*, 652 F.2d 775, 778-79 (9th Cir. 1980), but what *Youngberg* held two years later is that (a) committed persons are entitled to some treatment, and (b) what that treatment entails must be decided by mental-health professionals. *Youngberg* deprived the unreasoned assertion in *Ohlinger* of whatever slight value unreasoned judicial assertions otherwise carry.

332 F.3d at 1081.

Here, the amended complaint does not claim the treatment Jorgensen is being offered at the WRC is inadequate, which was the claim that Jorgensen was allowed to proceed with in his original complaint. With his amended complaint, Jorgensen pleads himself out of court, as his only allegation regarding the treatment he receives is that it is not individualized. Because the Fourteenth Amendment does not guarantee individualized treatment, Jorgensen's amended complaint fails to state a claim regarding the treatment he receives at the WRC. Finally, as the § 1983 claim will be dismissed, I decline to exercise supplemental jurisdiction over Jorgensen's state law claims.

**THEREFORE IT IS ORDERED** that Jorgensen's motion to amend is **GRANTED**. Because the amended complaint fails to state at least a plausible claim for which relief may be granted, this matter is **DISMISSED**.

**IT IS FURTHER ORDERED** that copies of this order be sent to the director of WRC and to Corey Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**IT IS ALSO ORDERED** the Clerk of Court shall enter judgment dismissing the plaintiff's claim and this action.

Dated this      12th      day of May, 2009.

 s/ William C. Griesbach
 William C. Griesbach
 United States District Judge

3